UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY REIHER,

      Petitioner,                       CASE NO. 4:25-CV-14049
                                      HON. F. KAY BEHM
v.                                U. S. District Judge

JEFFREY HOWARD,

      Respondent.
_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO HOLD THE PETITION FOR A WRIT OF HABEAS CORPUS IN ABEYANCE (ECF No. 8) <u>AND DENYING AS MOOT THE MOTION FOR AN EVIDENTIARY HEARING (ECF No. 7)</u>**

Petitioner Jeffrey Reiher confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction for carjacking, Mich. Comp. Laws § 750.529a.

Petitioner has filed a motion to hold his case in abeyance so that he can return to the state courts to exhaust additional claims that are not currently included in the current petition.  Petitioner also filed a motion for an evidentiary hearing (ECF No.7).  The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state

1

courts to exhaust his additional claims.  The motion for an evidentiary hearing (ECF No.7) is denied at this time as moot.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Reiher*, No. 343234, 2019 WL 6245458 (Mich. Ct. App. Nov. 21, 2019); *lv. den.* 505 Mich. 1133, 944 N.W.2d 696 (2020).

Petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to Mich. Ct. R. 6.500, *et. seq.*, which was denied by the trial court.  (ECF No. 1, PageID.6).  The Michigan appellate courts denied Petitioner leave to appeal.  *People v. Reiher*, No. 370982 (Mich. Ct. App. Oct. 24, 2024): *lv. den.* 25 N.W.3d 836 (Mich. 2025).

While Petitioner's post-conviction appeal was pending in the Michigan Supreme Court, Petitioner filed a motion for miscellaneous relief and to add new grounds to his application for leave to appeal, in which he claimed that the forensic examination of his cellphone data was conducted by the police without a search warrant and that trial and appellate counsel were ineffective for failing to challenge the legality of the search.  The Michigan Supreme Court denied the motion, but did so without prejudice to Petitioner raising these claims in another motion for relief

from judgment with the trial court. *People v. Reiher*, 25 N.W.3d 836 (Mich. 2025).

Petitioner filed a petition for a writ of habeas corpus with this Court, raising the claims that he raised on his appeal of right or his initial post-conviction motion in the state courts. Petitioner now seeks to have his case held in abeyance so that he can return to the state courts and raise claims that have yet to be exhausted with the state courts and which are not included in the current petition.

## II. Discussion

A federal district court may stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F.3d at 83); *see also Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although there is no bright-line rule that a district court can never dismiss a fully exhausted habeas petition while unexhausted claims are pending in state court, for a federal court to depart from the "heavy obligation to exercise jurisdiction," there

3

must be some compelling reason to prefer a dismissal over a stay.  *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling*, 246 F. App'x at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants the motion to hold the petition in abeyance while Petitioner returns to the state courts to exhaust additional claims.  The outright dismissal of the petition, albeit without prejudice, might preclude the consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2244(d)(1).  A common circumstance that justifies holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations.  *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

There are also other reasons to hold the petition in abeyance while Petitioner exhausts his new claims in the state courts.  In particular, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims.  In that scenario, should the petitioner subsequently seek

4

habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)).  Moreover, "if this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*  Indeed, if Petitioner were to succeed on his claims in state court, his habeas claims before this Court would likely be moot.  *Esters v. Schiebner*, 591 F. Supp. 3d 218, 221 (E.D. Mich. 2021).  And even if he does not prevail in the state courts, "this Court would surely benefit from the state court's adjudication of Petitioner's claim[s] and any attendant testimony." *Id.*

The Court is aware that Petitioner already filed a post-conviction motion for relief from judgment.  Under Mich. Ct. R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction.  *See Banks v. Jackson,* 149 F. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing to *People v. Ambrose*, 459 Mich. 884; 587 N.W.2d 282 (1998)).  However, Mich. Ct. R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion.  *Banks*, 149 F. App'x at 418; *Hudson*, 68 F. Supp. 2d at 800-01.

The Michigan Supreme Court, in denying Petitioner's motion for miscellaneous relief, did so without prejudice to Petitioner raising his new claims in a second motion for relief from judgment with the trial court, suggesting that Petitioner's new claims might fall within one of the two exceptions found in Mich. Ct. R. 6.502(G)(2).

This Court "should exercise caution in finding that" 6.502(G) would bar Petitioner from presenting these claims in a successive post-conviction motion to the Michigan courts. *Banks*, 419 F. App'x at 418. "Because it is at least debatable whether the Michigan courts would entertain this claim on a second or successive motion for state postconviction relief," *id.*, a procedural bar to such a successive motion is not clearly applicable, therefore, this Court grants the motion to stay to permit Petitioner to attempt to exhaust the claims contained in a successive motion for relief from judgment with the state courts. *Id.* at 419-20.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

6

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts.  This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty (60) days of receiving this Court's order and returning to federal court within sixty (60) days of completing the exhaustion of state court post-conviction remedies.  *Hargrove*, 300 F.3d at 721.

Petitioner can exhaust his claims in the state courts by filing a motion for relief from judgment with the Wayne County Circuit Court under Mich. Ct. R. 6.502.  *See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.  *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion.  *See e.g., Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner's motion for an evidentiary hearing (ECF No. 7) is denied at this time as moot.  *See Jones v. Balcarcel*, No. 18-CV-12003, 2018 WL 3997819, at *3 (E.D. Mich. Aug. 21, 2018).

## III.  ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance.  Petitioner must file a motion for relief from judgment in state court within sixty (60) days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court.  If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for a writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition.  After Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty (60) days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay, using the same caption and case number. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

**SO ORDERED.**

Dated: February 20, 2026         s/ F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge